IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR CASTELLANOS, | ) | |
| JAVIER VILLAREAL, PABLO | ) | |
| HERNANDEZ, EMILIO PABLO, | ) | |
| and GABINO CASTELLANOS | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 1:17-cv-6022 |
| | ) | |
| AUTO GLOW OF WEST CHICAGO, INC. | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff VICTOR CASTELLANOS ("Victor"), JAVIER VILLAREAL ("Javier"), PABLO HERNANDEZ ("Pablo"), EMILIO PABLO ("Emilio") and GABINO CAS-TELLANOS ("Gabino"), by and through their attorneys, and for their Complaint against AUTO GLOW OF WEST CHICAGO, INC. ("Defendant" or "Auto Glow") states as follows:

### Parties

1. Plaintiffs are residents of Illinois and worked at Defendant's car wash in Illinois.

2. During the course of their employment with Defendant, Plaintiffs handled goods that moved in interstate commerce.

3. Defendant is an Illinois entity.

4. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203 (s)(1)(A) of the FLSA. 29 U.S.C. §203(s)(1)(A).

5. During the last three years, Defendant's annual gross volume of sales made or business done has each exceeded $500,000, exclusive of excise taxes.

6. Defendant is the Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

7. Defendant is the Plaintiffs' "employer" as defined by the IMWL. 820 ILCS 105/3(c).

8. Plaintiffs were Defendant's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

9. Plaintiffs were Defendant's "employee" as defined by the IMWL 820 ILCS, 105/3(d).

## Jurisdiction and Venue

10. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

11. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

12. Plaintiffs worked for Defendant within the past three years.

13. Plaintiffs are non-exempt employees under the FLSA.

14. Plaintiffs were paid an amount of money each week. This number is not based on the amount of hours Plaintiffs actually worked per week.

15. As a result of the weekly payment scheme, Plaintiffs were not paid time and one-half for time worked over forty in a work week, as the FLSA and the IMWL require.

16. Victor has worked for Defendant for the past 21 years. During the past 3 years he has worked approximately 78 to 82 hours per week.

17. Victor is paid $350 per week.

18. Emilio has worked for Defendant for the past six years to the present. During the past 3 years, he has worked approximately 78 to 82 hours per week.

19. Emilio is paid between $250 to $300 per week.

20. Javier worked for Defendant for two years. During the past 3 years, he worked approximately 70 hours per week.

21. Javier was paid $150 per week.

22. Pablo worked for Defendant from January 2015 to the present. During the past 3 years, he has worked approximately 70 hours per week.

23. Pablo was paid $150 per week.

24. Gabino has worked for Defendant for the past five years to the present. During the past 3 years, he has worked over 80 hours per week.

25. Gabino was paid $150 per week.

26. Additionally, the workers earned tips that were pooled and distributed to employees at the end of the week. Upon information and belief, Defendant would take between $80 - $100 out of the tip pool per week.

27. Plaintiffs were not exempt from the overtime provisions of the FLSA.

28. Defendant managed Plaintiffs work, including the amount of overtime required to be worked, and also dictated, controlled, and ratified the compensation and all related employment policies.

29. The Fair Labor Standards Act ("FLSA") requires that all non-exempt employees be paid at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in a work week.

## COUNT I- FAIR LABOR STANDARDS ACT

30. The Plaintiffs re-alleges and incorporates paragraphs 1 through 29, as if fully set forth herein.

31. At all relevant times, Defendant employed and/or continued to employ Plaintiffs within the meaning of the FLSA.

32. Defendant has a policy and practice of not paying Plaintiffs the required overtime rate under the FLSA.

33. Under the FLSA, Plaintiffs were entitled to be paid one and one-half times their regular rate of pay by Defendants for each hour worked in excess of 40 hours each work week.

34. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all non-discretionary compensation paid to employees.

35. Defendant failed to compensate the Plaintiffs at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA

36. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

38. Due to Defendant's violations of the FLSA, Plaintiffs have suffered damages and are entitled to recover damages from Defendant.

WHEREFORE, the Plaintiffs request the following relief:

a.) A declaratory judgment that Defendant violated the overtime wage provisions of the FLSA as to the Plaintiffs;

b.) A declaratory judgment that Defendant's violations were willful;

c.) A judgment of unpaid overtime compensation;

b.) A judgement of an additional equal amount as liquidated damages, pursuant to the FLSA;

c.) Prejudgment interest; and

d.) Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II - ILLINOIS MINIMUM WAGE LAW

39. Plaintiffs hereby alleges and incorporates Paragraph 1 through 38 of this Complaint, as is fully set forth herein.

40. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

41. Under the IMWL, Defendants were and remain obligated to compensate Plaintiffs at the required overtime rate for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

42. Plaintiffs were regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times regular hourly rate for such overtime work.

43. By failing to pay overtime compensation due to Plaintiffs, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times normal rate to be paid.

44. As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiffs have been damaged in that they have not received wages due to him pursuant to the IMWL.

WHEREFORE, Plaintiffs pray for the following relief:

a.) A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiffs;

b.) A declaratory judgment that Defendants' violations of the IMWL were willful;

c.) A judgment to Plaintiff in the amount of unpaid wages;

d.) A judgment to Plaintiff of punitive damages, including statutory interest of 2% per month, as provided by IMWL;

e.) A judgment to Plaintiff of reasonable attorney's fees and costs incurred in filing this action; and

f.) Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint, including the FLSA claims.

Dated August 17, 2017
                                           Respectfully Submitted,
**Victor Castellanos, Javier Villareal, Pablo Hernandez, Emilio Pablo and Gabino Castellanos**

By: /s/ David J. Fish
One of the Attorneys for the Plaintiffs

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563
T:(630)355-7590
F:(630)778-0400