IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTOR CASTELLANOS, JAVIER VILLAREAL, PABLO HERNANDEZ, EMILIO PABLO, and GABINO CASTELLANOS <br> Plaintiffs, <br><br> v. <br><br> AUTO GLOW OF WEST CHICAGO, INC. <br> Defendant. | Case No.: 17 cv 6022 <br><br> Magistrate Sidney I. Schenkier |

**AGREED MOTION FOR APPROVAL OF SETTLEMENT**

The Parties, by and through their attorneys, requests that the Court approve their settlement agreement, which is fair, reasonable and resolves a *bona fide* dispute between the parties. In support of this motion Plaintiff states as follows:

1. Plaintiffs brought this action under the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Law (IMWL) on August 17, 2017.

2. The settlement was reached after the Parties engaged in written discovery. Thereafter, the Parties engaged in arm's –length settlement negotiations in an effort to resolve the claims. At a settlement conference with Magistrate Judge Sidney I. Schenkier, the Parties reached a settlement of $53,000 inclusive of attorneys' fees and costs.

3. Court approval of FLSA settlements is necessary to effectuate a valid and enforceable release of FLSA claims asserted. *See Walton v. United Consumers Club, Inc.,* 786 F.2d 303,206 (7th Cir. 1986). Under the FLSA, employees may settle their claims if the Parties agree on the terms, the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions". *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982). As explained, the settlement was reached after discovery and at a settlement

conference with Magistrate Judge Sidney I. Schenkier where all Plaintiffs attended. Therefore, a presumption of fairness should attach to the proposed settlement. *See Id.* at 1354 (recognizing that courts rely on the adversary nature of litigated FLSA case resulting in settlement as indication of fairness).

4. Should this matter have continued, the Parties would have conducted additional written and oral discovery and potentially filed dispositive motions. If Plaintiffs prevailed, Defendants would be faced with the prospect of a verdict against them and the obligation to pay attorneys' fees and costs. If Defendant prevailed, Plaintiff faced dismissal of their claims and no recovery.

5. Plaintiffs request that this Court review their Settlement Agreement with Defendants, approve the same and dismiss the lawsuit with prejudice, and with the court retaining jurisdiction until August 15, 2018. A copy of the Agreement will be provided to the court.

WHEREFORE, the Parties respectfully request that this Court approve their negotiated Settlement Agreement and dismiss this lawsuit with prejudice with the Court retaining jurisdiction until August 15, 2018.

April 26, 2018                                     Respectfully submitted

/s/ John Kunze
Attorney for Plaintiffs
The Fish Law Firm, P.C.


/s/Richard Miller
Attorney for Defendant
The Miller Law Firm, P.C.